IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KENDRICK JEROME POOLE, 1171671,  )<br>      Petitioner,                      )<br>                                          )<br>v.                                            )<br>                                          )<br>NATHANIEL QUARTERMAN,      )<br>Director TDCJ-CID,                    )<br>      Respondent.                    ) | No. 3:07-CV-384-P<br>ECF |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

**I. Parties**

Petitioner is an inmate in the Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ-CID"). He brings this petition for habeas corpus relief pursuant to 28 U.S.C. § 2254.

**II. Background**

Petitioner challenges his conviction for aggravated robbery. *State of Texas v. Kendrick Poole*, No. F-0273515-MI (Crim. Dist. Ct. No. 2, Dallas County, Tex., May 27, 2003). Petitioner was sentenced to fifteen years confinement. He did not file an appeal.

On February 10, 2004, Petitioner filed his first state habeas petition. *Ex parte Poole*, No. 58,713-01. On April 21, 2004, the Court of Criminal Appeals denied the petition without written

order on the findings of the trial court. On August 21, 2005, Petitioner filed his second state habeas petition. *Ex parte Poole*, Application No. 58,713-02. On December 20, 2006, the Court of Criminal Appeals dismissed the petition as a subsequent petition.

On February 5, 2007, Petitioner filed this petition. He argues that he received ineffective assistance of counsel and his due process rights were violated. On May 1, 2007, Respondent filed a preliminary response arguing the petition is time-barred. Petitioner did not file a response. The Court now finds the petition is barred by limitations.

## II. Discussion

### (a) Statute of Limitations

Petitioner filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the AEDPA governs the present petition. *See Lindh v. Murphy*, 521 U.S. 320, 117 S. Ct. 2059, 2068, 138 L. Ed. 2d 481 (1997). The AEDPA establishes a one-year statute of limitations for federal habeas proceedings. *See* Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996). In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired. 28 U.S.C. § 2244(d)(1)(A).[1]

---

[1] The statute provides that the limitations period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has

This period is tolled while a properly filed motion for state post-conviction relief or other collateral review is pending. *Id.* § 2244(d)(2).

Petitioner was convicted on May 27, 2003. He did not file an appeal. The conviction therefore became final thirty days later on June 26, 2003. *See* Tex. R. App. P. 26.2(a); *see also Roberts v. Cockrell* 319 F.3d 690, 694-95 (5th Cir. 2003) (state conviction becomes final for limitations purposes when time for seeking further direct review expires, regardless of when mandate issues). Petitioner then had one year, or until June 26, 2004, to file his federal petition.

The filing of a state application for habeas corpus tolls the statute of limitations. *See* 28 U.S.C. § 2244 (d)(2). On February 10, 2004, Petitioner filed a state habeas application. This application tolled the limitations period for 72 days, until April 21, 2004, when the Texas Court of Criminal Appeals denied the petition. After adding 72 days to the limitations period, the new deadline became September 5, 2004.

On August 21, 2005, Petitioner filed a second state application for habeas relief. This application was filed after the limitations period expired. It therefore did not toll the limitations period.

The limitations period expired on September 5, 2004. Petitioner did not file his federal petition until February 5, 2007. His petition is therefore untimely.

---

been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

### (b) Equitable Tolling

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). The Fifth Circuit has held that " '[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996)). Petitioner bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Petitioner has made no argument that he is entitled to equitable tolling of the limitations period. He has failed to show rare and exceptional circumstances justifying equitable tolling in this case.

### RECOMMENDATION:

The Court recommends that the petition for a writ of habeas corpus be dismissed with prejudice as barred by the one-year limitation period. *See* 28 U.S.C. §2244(d). The Court further recommends that all pending motions be denied.

Signed this 16th day of May, 2008.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO OBJECT

The United States District Clerk shall serve a copy of these findings and recommendations on the parties. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings and recommendations must file and serve written objections within ten (10) days after being served with a copy. A party filing objections must specifically identify those findings and recommendations to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. The failure to file such written objections to these proposed findings and recommendations shall bar that party from a *de novo* determination by the district court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, the failure to file written objections to proposed findings and recommendations within ten (10) days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996)(en banc).